UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN CARLTON HAMILTON,

        Petitioner,

v.                                                          CASE NO. 2:06-CV-14526
                                              HONORABLE DENISE PAGE HOOD
CARMEN PALMER,                                              MAGISTRATE JUDGE KOMIVES

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)

        Petitioner Adrian Carlton Hamilton has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's 1988 state convictions for first-degree murder and felony firearm.

        Petitioner challenged the same convictions in a previous habeas corpus petition.  United States District Judge Nancy G. Edmunds denied the habeas petition on the merits.  *See Hamilton v. Stegall*, No. 98-CV-70593-DT (E. D. Mich. Mar. 16, 1999).  Petitioner now seeks leave to file a second or successive habeas corpus petition.

        An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  When a second or successive petition for habeas corpus relief is filed in the district court without § 2244(b)(3)

authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not alleged or demonstrated that he received permission from the Court of Appeals to file a second or successive habeas petition, and this Court has no jurisdiction to consider an unauthorized successive habeas petition.  *In re King*, 190 F.3d 479, 482 (6th Cir. 1999); *In re Sapp*, 118 F.3d 460, 461 (6th Cir. 1997).  Accordingly, the Clerk of Court is **ORDERED** to transfer Petitioner's case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

        s/ DENISE PAGE HOOD
        DENISE PAGE HOOD
        UNITED STATES DISTRICT JUDGE

Dated: November 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2006, by electronic and/or ordinary mail.

        s/ William F. Lewis
        Case Manager

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.